IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Larry Eugene Taylor,            Case No. 3:08 CV 2747

        Plaintiff,            MEMORANDUM OPINION
                                AND ORDER

-vs-
                                JUDGE JACK ZOUHARY

Kevin Baxter, et al.,

        Defendants.

*Pro se* Plaintiff Larry Eugene Taylor filed this action under 42 U.S.C. § 1983 against Erie County Prosecutor Kevin Baxter and Erie County Common Pleas Court Judge Tygh Tone. Plaintiff alleges he has been denied DNA testing to challenge his criminal conviction. He asks this Court to order the Erie County Court of Common Pleas to produce biological evidence for DNA testing or, if DNA testing was already completed, to provide him with the results.

## BACKGROUND

Plaintiff was charged with one count of kidnaping, three counts of rape, two counts of felonious sexual penetration, and one count of felonious assault in 1995. *See State v. Taylor*, No. E-95-066, 1996 WL 660669 (Ohio App. 6th Dist. Nov. 15, 1996). The victim, a 26-year-old Sandusky woman, was abducted as she walked home from a bar. She was bound, gagged, sexually assaulted, tortured, strangled and left for dead in a ditch in a rural part of Erie County. *Id.* She survived the ordeal and later identified Plaintiff as her attacker. *Id.* Although he initially denied the charges, Plaintiff subsequently gave a recorded statement to police in which he admitted having sexual contact

with the victim but claimed it was consensual. *Id.* He maintained this defense at trial and was convicted on October 26, 1995.

Plaintiff made numerous attempts to overturn his conviction. His direct appeal resulted in affirmation of his conviction on November 15, 1996, and his Petition to the Ohio Supreme Court was dismissed on February 18, 1998. He attempted to reopen his appeal and filed a Motion for a New Trial. Both of these Motions were denied. Plaintiff then filed a Petition for a Writ of Mandamus in the Ohio Sixth District Court of Appeals seeking to compel the Erie County Common Pleas Court to order DNA testing of evidence. The Petition was denied on December 27, 2002. He filed a Petition for a Writ of Habeas Corpus in this Court on August 17, 2004 in which he claimed he had been denied DNA testing of evidence obtained from the victim. The Petition was denied as untimely on July 6, 2005. Thereafter, Plaintiff filed a Motion in the Erie County Court of Common Pleas requesting DNA testing. The Motion was denied. Plaintiff appealed the decision, but the Court of Appeals once again affirmed the decision of the trial court. The Court of Appeals concluded DNA testing would be futile given Taylor's assertion that sexual contact did occur but was consensual.

Plaintiff now files this civil rights action under 42 U.S.C. § 1983 seeking DNA testing of evidence in his criminal case. He states he does not know whether the state performed DNA testing in preparation for the trial. In the event that this testing was not conducted, he claims he was denied access to the courts and the effective assistance of counsel. In the event that testing was conducted by the state, Plaintiff argues the results would be inadmissible without an inquiry into the reliability of the results.

**ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to §1915(e).

**Civil Claims Affecting Criminal Convictions**

A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory, or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998). Plaintiff's claims of ineffective assistance of counsel and denial of access to the courts, if found to have merit, would call into question the validity of his conviction. Consequently, he must demonstrate his conviction was declared invalid by either an Ohio state court or a federal court. He has not done so. Plaintiff therefore cannot pursue his claims in a civil rights action.

*Res Judicata*

Moreover, this claim has been litigated several times in the Ohio courts. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have

been litigated in the first lawsuit. *Nat'l Amusement, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Lucas County Court of Common Pleas and the Ohio Sixth District Court of Appeals have already determined Plaintiff is not entitled to DNA testing. This Court is bound to give full faith and credit to the decisions of those courts.

### *Rooker-Feldman*

Finally, this Court cannot order the state court to reverse its decision to deny DNA testing. U.S. district courts do not have jurisdiction over challenges to state court decisions, even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the U.S. Supreme Court by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the *Rooker-Feldman* doctrine, a party losing a state court case is barred from seeking what in substance would be appellate review of the state judgment in a U.S. district court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see also Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992).

The Sixth Circuit applies two elements to a *Rooker-Feldman* analysis. First, in order for the *Rooker-Feldman* doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see also Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The *Rooker-Feldman* doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the *Rooker-Feldman* doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case, as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

In the present action, Plaintiff's claims directly attack the state court's decision to deny DNA testing. All of the allegations in the Complaint concern specific grievances that the state court incorrectly applied the law to Plaintiff's case and are clearly predicated on his belief that the state court was mistaken in rendering its decisions against him. Furthermore, Plaintiff requests this Court order the state court to conduct DNA testing, effectively reversing prior decisions. Any review of the constitutional claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings against him. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief requested. *Feldman*, 460 U.S. at 483-84 n.16; *Catz*, 142 F.3d at 293.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          s/ *Jack Zouhary*
                                          JACK ZOUHARY
                                          U. S. DISTRICT JUDGE

                                          January 30, 2009